## Commonwealth ex rel. Brown v. Cleaver

*Clarence A. Dickerson,* Solicitor for Chester County.

*Dennis D. Brogan,* for defendant.

MARRONE, *P.J.,* December 18, 1981—This matter is currently before the court on defendant's appeal from our order of July 17, 1981, which transferred defendant from Norristown State Hospital to Farview State Hospital pursuant to section 306 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, (hereinafter Mental Health Procedures Act), 50 P.S. §7306.

On October 22, 1977, a complaint was filed charging defendant with criminal homicide. A hearing was conducted on June 21, 1979, to determine whether defendant was competent to stand trial and whether defendant was legally responsible for his actions. On June 22, 1979, the Honorable John M. Wajert entered an order absolving defendant of criminal responsibility for the homicide. Defendant was then returned to Norristown State Hospital.

On May 29, 1981, Ann Cleaver, Acting Superintendent of the Norristown State Hospital, petitioned the court to transfer defendant to Farview State Hospital because of recent serious threats to hospital personnel, other patients and property. Susan J. Gilhooly, Esq., Mental Health Review Officer, conducted a hearing on June 16, 1981, and filed a written report recommending the transfer. On June 29, 1981, the Honorable Lawrence E. Wood adopted the master's recommendation and ordered defendant transferred to Farview State Hospital.

Defendant's counsel presented Judge Wood with a petition and rule for review of the certification. Judge Wood issued the rule with a return date but, as is customary in this county, did not set a hearing date. Petitioner failed to take the petition to the

court administrator's office to procure the hearing date, which is the procedure followed in Chester County for all petitions that require a hearing. Counsel brought the failure to schedule a hearing to the attention of the court and a hearing was scheduled within 72 hours of that notice.

At the hearing, testimony was presented by Doctors Jorge Pirori, Paul A. Grayce, and Leo C. Freeman, as well as two psychiatric security aides and defendant's mother. At the conclusion of the hearing the court entered an order affirming the master's recommendation.

Defendant's appeal raised three issues. First, that the court should have dismissed the petition because a hearing to review the master's certification was not conducted within 72 hours; secondly, that the petition should be dismissed because section 406 of the Mental Health Procedures Act, 50 P.S. §7406 is unconstitutionally vague; and finally, that finding that defendant is "potentially dangerous" does not fulfill the requirements of section 306 of the Mental Health Procedures Act, 50 P.S. §7306.

Section 109(b) of the Mental Health Procedures Act, 50 P.S. §7109(b) provides that a person made subject to treatment upon the recommendation of a mental health review officer may, as a matter of right, request review of the recommendation by the court of common pleas. Furthermore, the statute requires that a hearing be scheduled within 72 hours after the petition for review is filed unless a continuance is requested by the person's counsel. The well-established procedure in Chester County is for petitioner to present his petition and rule to the signing judge for that week. If the judge approves the rule and signs it, petitioner must then transmit the petition and rule to the court administrator's office where the date and time for the hearing is obtained.

Having all hearings scheduled by a central office permits the court to fairly distribute the workload among all the members of the bench and to take into consideration available courtroom space and previously scheduled trials or hearings. In the instant matter petitioner's attorney failed to follow this procedure and as a result no hearing was scheduled. Furthermore, his petition was initially filed in the clerk of court's office rather than the prothonotary's office. Since the failure to properly schedule the hearing occurred as a result of the defense counsel's own actions we properly refused the request to dismiss on this ground.

Defendant's statement of matters complained of on appeal alleges that section 406(c) of the Mental Health Procedures Act, 50 P.S. §7406(c) is unconstitutionally vague. We presume that the statement intended to challenge the constitutionality of section 306(c) because there is no section 406(c).

Section 306(c) of the Mental Health Procedures Act, 50 P.S. §7306(c) provides that a transfer to a facility imposing greater restraint on the patient shall not occur unless a judge or mental health review officer has found such transfer to be "necessary and appropriate."

There are two principal grounds for concluding that a statute is unconstitutionally vague; first, if it fails to provide adequate warning of conduct proscribed by the statute; and secondly, if it fails to provide standards restricting the discretion of governmental authorities or courts enforcing the statute. Commonwealth ex rel Finken v. Roop, 234 Pa. Super. 155, 339 A.2d 764 (1975).

We begin with the proposition that a statute challenged as vague is presumptively constitutional and will not be declared unconstitutional unless it clear-

ly, palpably and plainly violates the United States Constitution or the Constitution of the Commonwealth of Pennsylvania. Single v. Sheppard, 464 Pa. 387, 346 A.2d 897 (1975); Sinder v. Shapp, 45 Pa. Commw. 337, 405 A.2d 602 (1979). Under this standard we find section 306(c) of the Mental Health Procedures Act to be constitutional.

Section 306(c) does not result in the original deprivation of liberty or freedom. That determination has already been made under the applicable provisions of the Mental Health Procedures Act. What is at issue in the instant matter is the transfer of a patient already subject to the restraints imposed by the Mental Health Procedures Act to a facility with greater security and restraint.

We interpret "necessary and appropriate" to mean that in the opinion of the treating medical staff, such a transfer is required to effectuate the recommended level of supervision and treatment of the patient for the purpose of preventing injury to the patient being transferred, other patients or facility staff. The transfer is necessary and appropriate if the patient cannot be safely treated in the less restricted facility.

In the instant case, Dr. Jorge Priori testified that he requested the transfer to a maximum-security institution because of an escalation of Mr. Brown's violent behavior, which was not controllable through the use of medications. The staff considered Mr. Brown a more dangerous individual than any of the other patients at the facility. Furthermore, Norristown State Hospital, being a medium-security facility, did not have the type of facilities required to treat violent patients for extended periods of time. Only maximum-security institutions are equipped to treat violent patients. Under the circumstances of the present case, we find that it was

clearly "necessary and appropriate" that the patient by transferred to a more restrictive facility.

Finally, defendant alleges that the order of July 17, 1981, is defective because it fails to contain the language "necessary and appropriate." The master's recommendation of June 16, 1981, specifically finds that the transfer to a more restrictive facility was necessary and appropriate. This recommendation was accepted by the court and incorporated in the order for transfer of June 29, 1981.

At the request of the patient a hearing was scheduled pursuant to section 109 of the Mental Health Procedures Act, 50 P.S. §7109. That section provides that:

"The hearing shall include a review of the certification . . . . If the court determines that further involuntary treatment is necessary and that the procedures prescribed by this Act have been followed, it shall deny the petition. (Emphasis added) Section 109 does not envision a hearing de novo.

The order of July 17, 1981, states that after "a review of the certification" it was found that the transfer was necessary due to the potential dangerous nature of the patient. Since the court's order of June 29, 1981, specifically adopted the findings of the Mental Health Review Officer, and since the findings of the Mental Health Review Officer found the transfer to be "necessary and appropriate" it was unnecessary to reiterate that phraseology in our order of July 17, 1981.

Having concluded that the master properly found the transfer of the patient necessary and appropriate due to his violent and dangerous nature, and that the procedures prescribed by the Mental Health Procedures Act were followed, the petition for review was denied and the order for further involuntary treatment affirmed.